UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VAN L. SCHMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07CV69 HEA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Lewis M. Blanton, that the decision of the Commissioner be affirmed. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). " 'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007).

Plaintiff objects to Judge Blanton's recommendation that the Commissioner's denial of his application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act be affirmed. Specifically, Plaintiff makes the following objections to the Report and Recommendation.

Plaintiff argues that the Report and Recommendation is incorrect in the finding that a medical expert was not required at the administrative hearing because the medical evidence was not ambiguous. Plaintiff urges to the contrary. In support of this position, Plaintiff points to a single variation in the Report and

Recommendation with regard to Plaintiff's reported lower extremity edema: "[P]laintiff reported lower extremity edema in September 1996" and "ALJ: It was not until 2002,. . .that the claimant complained of increasing dyspnea and lower extremity swelling." Plaintiff argues that this alone creates an ambiguity in the medical record requiring the use of a medical expert. The single complaint of lower extremity edema cannot be analyzed in a vacuum. Plaintiff's overall medical condition must be assessed in their entirety as they relate to Plaintiff's ability to maintain employment. The sole report of lower extremity edema in 1996 does not overcome the subsequent medical record which is detailed in the ALJ's decision and Judge Blanton's Report and Recommendation, both of which clearly establish that Plaintiff's complaints were, prior to his date of last insured insufficient to establish disability. Plaintiff was doing "reasonably well" in 1996; Plaintiff's medical record fails to document treatment received from June 1997 through 1998; Plaintiff received only intermittent treatment through 1999 and 2000. Treatment notes from February 13, 2002 reported complaints related only to non-disabling ailments. While Plaintiff complained of increasing dyspnea and lower extremity swelling, the medical records establish, *inter alia*, that as of December 2003, well after Plaintiff's date of last insured, there were no significant complaints with respect to weakness, bone pain, numbness, breathing, increased edema, or abnormalities with the

extremities.  Plaintiff's attempt to create an ambiguity from this very detailed and discussed record is unavailing.  His objection is therefore overruled.

Plaintiff next contends that the ALJ's findings misstate the medical record with regard to the August 28, 2002 complaint of increasing dyspnea and lower extremity swelling.  Plaintiff argues that the medical record actually read "Mr. Schmick complains of increasing dyspnea, lower extremity swelling over the last couple of months."  From this, Plaintiff argues that because the swelling had occurred over the "last couple of months"[1] the swelling falls within Plaintiff's date of last insured, June 30, 2002.  The medical record, however, establishes that it was not until August 28, 2002 that Plaintiff vocalized the complaint to his physician and such a tenuous onset date of  "over the last couple of months" does not establish that Plaintiff suffered from disabling ailments within the relevant time period, particularly in light of all the medical evidence contained in the record before the ALJ.

Finally, Plaintiff argues that the Report and Recommendation misstates the law with respect to missing evidence.  He contends that the Report and Recommendation "takes a secondary position that [Plaintiff] could have submitted

---

[1] Plaintiff urges that "over the last couple of months" equates to 8 weeks which would include June 30, 2002.

missing evidence if he thought it was necessary." Plaintiff argues that "missing evidence was necessary, but the ALJ had to submit it." He contends that he cannot be expected to develop a record to anticipate evidentiary errors. Plaintiff's argument is misplaced. Judge Blanton reported that Plaintiff argued that the ALJ failed to obtain a treating source statement from Dr. Nagy and failed to obtain a full medical record from Dr. Braxton. Judge Blanton correctly states the law: while the ALJ has a duty to fully develop the record, *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981), the burden of persuasion remains with the claimant to prove disability. *Coleman,* 498 F.3d at 770; *Eichelberger v. Barnhart*, 390 F.3d 584, 592 (8th Cir. 2004). The ALJ indeed fully developed the record: the medical record contains records from both Dr. Nagy and Dr. Brixton; the ALJ discusses in detail all of the records and Plaintiff's medical issues. He analyzes those complaints with respect to time of occurring and their severity in relation to Plaintiffs date of last insured. As Judge Blanton found, there was ample medical evidence in the record upon which the ALJ could review for making his determination. The ALJ even held the record open for Plaintiff to submit additional evidence if he so desired. The ALJ fully developed this record and based his determination on the record before him. This Court's independent review of the record establishes that there is substantial evidence in that record to support the ALJ's decision. Plaintiff's objection is

overruled.

Judge Blanton thoroughly analyzed Plaintiff's claims. The Report and Recommendation details the law and its application to the facts contained in the administrative record. The Report and Recommendation is adopted and Plaintiff's objections thereto are overruled in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 24th day of September, 2008.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE